IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRED JACKSON,

    Plaintiff,

v.

ROBERT BOWMAN, et al.,

    Defendants.

                                          /

No. C 07-00961 SBA (PR)

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the Court is Plaintiff's motion for reconsideration of the Court's Order denying appointment of counsel.

Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. Mere dissatisfaction with the Court's order, or belief that the Court is wrong in its decision, are not grounds for relief under subparagraph (6) or any other provision of Rule 60(b). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir. 1970)).

Plaintiff presents no grounds that warrant reconsideration. As explained in the Court's Order denying appointment of counsel, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id. At present, the Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Moreover, Plaintiff has been able to articulate his claims adequately pro se in light of the complexity of the issues involved. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). Accordingly, Petitioner's motion for reconsideration is DENIED because appointment of counsel is not necessary at this time.

This Order terminates Docket no. 9.

IT IS SO ORDERED.

DATED:  1/24/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

FRED JACKSON,

        Plaintiff,

v.

ROBERT BOWMAN et al,

        Defendant.

Case Number: CV07-00961 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 24, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Fred Jackson K46860
(A4-201)
P.O. Box 1050
Soledad, CA 93960-1050

Dated: January 24, 2008

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk