IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT BOWMAN, et al.,<br><br>    Defendants. | No. C 07-00961 SBA (PR)<br><br>**ORDER GRANTING DEFENDANTS BOWMAN'S AND LEE'S MOTION TO SET ASIDE ENTRY OF DEFAULT; DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; SERVING CLAIMS; AND SETTING BRIEFING SCHEDULE**<br><br>(Docket nos. 17, 24) |

## INTRODUCTION

Plaintiff Fred Jackson, a state prisoner currently incarcerated at Salinas Valley State Prison (SVSP), filed a civil action in state court alleging a claim of deliberate indifference to his serious medical needs by Defendants SVSP Health Care Manager Charles Dudley Lee and SVSP Physicians Robert Bowman and Navneet Adya. The record shows that service of process was made upon Defendants Bowman and Lee only.[1] On February 15, 2007, Defendants Bowman and Lee removed the action to federal court. Removal was proper because Plaintiff asserts federal claims on the face of his complaint. See 28 U.S.C. § 1441(b).

Venue is proper because a substantial part of the events giving rise to the action occurred at SVSP in Soledad, California, which is located in this judicial district. See 28 U.S.C. § 1391(b).

On December 26, 2007, Plaintiff filed a Motion for Entry of Default Judgment. On January 4, 2008, the Clerk of the Court filed a notice of entry of default as to Defendants Bowman and Lee. Before the Court are Defendants Bowman's and Lee's motion to set aside the entry of default and Plaintiff's motion for default judgment. Defendants Bowman and Lee have also filed an answer.

## DISCUSSION

**I.   Default Judgment**

    **A.   Legal Standard**

Under Rule 55(a) of the Federal Rules of Civil Procedure, judgment by default may be

---

[1] To date, Defendant Adya has not been served in this action.

entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Furthermore, Rule 55(b) contemplates that a default judgment may be sought after default has been entered against a defendant.  See also N.Y. Life Ins. Co. v. Brown, 84 F.3d 137 (5th Cir. 1996) ("After defendant's default has been entered, plaintiff may apply for a judgment based on such default.  This is a default judgment.").

Pursuant to Rule 55(c), the Court may set aside an entry of default for "good cause shown." Fed. R. Civ. P. 55(c).  In determining whether good cause exists, the Court must consider: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff.  See Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004); Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam).  A court may deny a motion to set aside an entry of default if any one of the three factors favor default. Franchise Holding, 375 F.3d at 925-26 (citing American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000)).  The defendant bears the burden of establishing that the default should be set aside.  Id. (citing TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001)).  However, default judgments are generally disfavored and "[c]ases should be decided upon their merits whenever reasonably possible."  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986); see also TCI, 244 F.3d at 693 (recognizing "the long-standing principle that default judgments are disfavored").

**B.     Defendants Bowman's and Lee's Motion to Set Aside Entry of Default**

Defendants have filed a motion to set aside the entry of default.  Plaintiff opposes the motion. The Court finds that all three factors in the "good cause" analysis favor setting aside the entry of default.

**1.     Culpable Conduct**

Kay K. Yu, the deputy attorney general representing Defendants Bowman and Lee, contends that the failure to file a timely answer was not the result of any culpable conduct.  Culpable conduct involves "not simply nonappearance following receipt of notice of the action, but rather conduct

2

which hindered judicial proceedings as to which subject matter jurisdiction was unchallenged." TCI, 244 F.3d at 698 (citing Gregorian v. Izvestia, 871 F.2d 1515, 1525 (9th Cir. 1989)). Culpability exists "where there is no explanation of the default inconsistent with a devious, willful, or bad faith failure to respond." Id.

Here, Attorney Yu states that she "knew that the complaint had not been served and forgot that the removal of the action constituted a waiver of service." (Mot. to Set Aside Entry of Default at 2.) Thus, she failed to file a timely answer. The evidence suggests Defendants Bowman and Lee, through the actions of their attorney, did not act culpably in failing to respond.

### 2. Meritorious Defense

Defendants Bowman and Lee have filed an answer along with their motion to set aside the entry of default. They deny that they acted with deliberate indifference towards Plaintiff's serious medical needs and argue that the complaint "fails to state facts sufficient to constitute a cause of action in that simple negligence is not a federal civil rights violation." (Answer at 5.) As an alternative defense, in the event that the Court finds a cognizable claim of deliberate indifference to Plaintiff's serious medical needs, Defendants Bowman and Lee claim they are entitled to qualified immunity. The Court finds that Defendants Bowman and Lee should be able to argue the merits of their defenses.

### 3. Prejudice

Plaintiff will not be prejudiced by setting aside the entry of default because this matter is still in the preliminary stages of the litigation and not all of the named defendants have been served. Therefore, setting aside the entry of default will not delay the resolution of the case. Furthermore, prejudice requires more than merely a delay in the resolution of the case; "[r]ather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" TCI, 244 F.3d at 701 (citing Falk, 739 F.2d at 463). The Court finds that Plaintiff's ability to pursue the claims in his complaint will not be hindered if the Court sets aside the entry of default.

Thus, in considering the above factors, the Court finds Defendants Bowman and Lee have shown good cause for setting aside the entry of default. Accordingly, Defendants Bowman's and Lee's motion to set aside the entry of default is GRANTED.

### C. Plaintiff's Motion for Default Judgment

Also before the Court is Plaintiff's motion for default judgment. As stated above, the Court has set aside the entry of default, and Defendants Bowman and Lee have filed an answer. Accordingly, Plaintiff's motion for default judgment is DENIED.

## II. Review of Complaint

The Court now reviews the claims raised in Plaintiff's complaint.

### A. Standard of Review

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Dismissal for failure to state a claim is warranted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1973 (2007). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

### B. Background

Plaintiff states that on November 16, 2004, he injured his finger in an "accident." (Compl. at 3.)

4

On November 17, 2004, he claims that an x-ray of his finger was taken, and that Defendant Bowman informed him that his finger was "not fractured." (Id.) Plaintiff continued to feel pain in his finger, which began to become swollen and look "deformed." (Id.)

On February 8, 2005, Plaintiff claims that he was seen by medical staff and "was told that his finger was broken by medical tech Ms. Hopkins." (Id.) Plaintiff claims that Ms. Hopkins told him that another SVSP Physician, Dr. Nanduri, "ordered a . . . follow up medical appointment on 12/14/2004." (Id.) However, Plaintiff alleges that he was never seen for a follow up appointment on that date. (Id.)

On March 24, 2005, Plaintiff claims that he was examined by Defendant Adya. (Id. at 4.) However, Plaintiff claims that Defendant Adya offered him no treatment "even after being inform[ed] Plaintiff was still having pain" and after noting the "deformity" of Plaintiff's finger. (Id.)

On March 25, 2006, Plaintiff claims Defendant Lee, "in his capacity as health care managing supervisor," denied Plaintiff's 602 inmate appeal at the second level and, thus, "became aware of his subordinates [sic] violations." (Id. at 4-5 (citing Pl.'s Ex. A, May 9, 2005 Second Level Appeal Response).) Plaintiff also alleges that he spoke with Defendant Lee "via phone interview," but he fails to specify the date of that interview. (Id. at 6.)

On April 11, 2005, Plaintiff alleges that Defendant Adya examined his finger and still offered no treatment, even after complaints of "continued pain and discomfort." (Id. at 4.)

On April 12, 2005, Defendant Bowman examined Plaintiff's finger again. Plaintiff claims that Defendant Bowman "not[ed] lack of flexibility in [Plaintiff's] finger and deformity." (Id. at 4.) However, Defendant Bowman "refused to provide corrective surgery" for Plaintiff's finger. (Id.)

Also on April 12, 2005, Plaintiff claims that Defendant Lee "came to see Plaintiff inperson [sic]" and, thus, Defendant Lee had the "opportunity to view [Plaintiff's] disfigured finger and clearly see for himself that the finger was not satisfactorily healed as his subordinate Dr. Bowman falsely claim[ed]." (Id. at 6.)

Plaintiff claims that his finger in now deformed and that he was "made to suffer unnecessary dayly [sic] pain and suffering for many months after the injury on 11-16-04 . . . ." (Id. at 1.) He alleges that the actions of Defendants Bowman, Lee and Adya resulted in "gross intentional medical

5

1 care neglect due to inadequate medical treatment or better yet no treatment at all after the discovery
2 of a [sic] avulsion fracture at the base of the fourth distal phalanx finger." (Id.)

3 Plaintiff seeks monetary damages and "surgical compensation to repair [his] disfigured finger
4 at whatever the common cost for corrective surgery to be payed [sic] by the defendants." (Id. at 7.)

**C.     Analysis**

In the prison context, deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "wanton infliction of unnecessary pain." Id. (citing Estelle, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Mere negligence is never sufficient to establish a constitutional violation. See County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) (holding that liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (holding that negligence or harassment related to medical care is insufficient to establish an Eighth Amendment violation).

Liberally construed, Plaintiff states a cognizable claim of deliberate indifference to his serious medical needs against Defendants Bowman and Adya. His allegations, liberally construed, also state a cognizable supervisory claim against Defendant Lee.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.     The Court GRANTS Defendants Bowman's and Lee's motion to set aside the entry of default (docket no. 24).

6

2. The Court DENIES Plaintiff's motion for default judgment (docket no. 17).

3. Plaintiff states a cognizable claim of deliberate indifference to his serious medical needs against Defendants Bowman and Adya.

4. Plaintiff has alleged facts sufficient to state a cognizable claim for supervisory liability against Defendant Lee.

5. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of: (1) the complaint and all attachments thereto (docket no. 1) and (2) this Order upon **SVSP Physician Navneet Adya**. The Clerk shall also mail copies of these documents to the attorneys of Defendants Bowman and Lee[2] at the California State Attorney General's Office. Additionally, the Clerk shall serve a copy of this Order on Plaintiff.

6. In order to expedite the resolution of this case, the Court orders as follows:

    a. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. In addition, no later than **thirty (30) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **forty-five (45) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary

---

[2] Defendants Bowman and Lee were served with the original complaint and with a summons on February 2, 2007.

7

> judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff is advised that if he fails to submit declarations contesting the version of the facts contained in Defendants' declarations, Defendants' version may be taken as true and the case may be decided in Defendants' favor without a trial. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

       c.       If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

       d.       The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

     7.       Discovery may be taken in accordance with the Federal Rules of Civil Procedure. Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

     8.       All communications by Plaintiff with the Court must be served on Defendants, or their counsel once counsel has been designated, by mailing a true copy of the document to

8

Defendants or their counsel.

9.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.  Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time.  The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued.  Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

11.  This Order terminates Docket nos. 17 and 24.

IT IS SO ORDERED.

DATED: 9/17/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.07\Jackson0961.setASIDEdefault&service.wpd    9

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3
   FRED JACKSON,
4                                                    Case Number: CV07-00961 SBA
            Plaintiff,
5                                                    **CERTIFICATE OF SERVICE**
       v.
6
   ROBERT BOWMAN et al,
7
            Defendant.
8                                          /

9  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
   Court, Northern District of California.
10
   That on September 18, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said
11 copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
   envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
12 located in the Clerk's office.

13

14

15 Fred Jackson K46860
   (A4-201)
16 P.O. Box 1050
   Soledad, CA 93960-1050
17

18 Dated: September 18, 2008
                                                   Richard W. Wieking, Clerk
19                                                 By: LISA R CLARK, Deputy Clerk

20

21

22

23

24

25

26

27

28

   P:\PRO-SE\SBA\CR.07\Jackson0961.setASIDEdefault&service.wpd